IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LORI BOGACZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03C 4548 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| BOARD OF EDUCATION, CALUMET PUBLIC SCHOOL DISTRICT 132, | ) ) ) | Magistrate Judge Denlow |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff, Lori Bogacz ("Bogacz"), by her attorneys, Michael F. Braun and Dolores Ayala of Schuyler Roche & Zwirner, P.C., submits this Memorandum of Law in Support of her Motion for Temporary Restraining Order.

**I.     INTRODUCTION**

On June 30, 2003, Bogacz filed her Complaint for Injunctive and Other Relief (the "Complaint") against Defendant Board of Education, Calumet Public School District 132 ("the Board").[1/] In the Complaint, Bogacz seeks a preliminary and permanent injunction enjoining the Board from removing Bogacz from her position as Principal of Burr Oak Academy, a primary school within the Calumet Public School District 132 ("the District"), and an Order enjoining the Board from offering to any other person the position of Principal of Burr Oak Academy to which Bogacz has a legally enforceable right. In addition, Bogacz has filed a Motion for Temporary Restraining Order (the

---

[1/]    Bogacz's Complaint is adopted and incorporated in her Motion for Temporary Restraining Order and in this Memorandum.



"Motion"), in which she seeks the entry of an Order maintaining the *status quo* between the parties until such time as this Court conducts a preliminary injunction hearing on the merits of the Complaint.

## II. BACKGROUND

As more fully set forth in the Complaint, the parties executed a Principal's Contract on August 8, 2002 whereby Bogacz acted as Principal of Burr Oak Academy for the 2002-2003 school year. Bogacz just completed that term (on June 30, 2003). On March 28, 2003, the parties executed the Principal's Contract that is the subject of the Complaint and of the Motion ("the Contract"). The Contract provides that Bogacz will continue to act as a Principal in and for the District for the period August 4, 2003 to June 30, 2005, at an annual salary of $66,950.00. At the time she executed the Contract, it was expressly understood and agreed by and between Bogacz and the Board that Bogacz would continue to act as Principal of Burr Oak Academy pursuant to the Contract.

Following a school board election on April 1, 2003, the composition of the Board changed. By a unilateral action taken at its May 15, 2003 meeting, the newly elected Board attempted to nullify the Contract by voting to "reassign" Bogacz from her position of Principal of Burr Oak Academy to the position of Assistant Principal of Calumet School for a one-year term at an annual salary of $65,000.00. As fully set forth in the Affidavit of Lori Bogacz, attached as Exhibit C to the Motion (the "Affidavit"), Bogacz was not given either prior or contemporaneous notice of the Board's intent either to dishonor the Contract, to remove her as Principal of Burr Oak Academy, or to "reassign" her to a position of lower rank at a lower salary. Bogacz was given neither reasons nor

charges upon which the Board's purported actions were based, nor a hearing where she could challenge their sufficiency.

Bogacz was not formally informed of the Board's intention to dishonor the Contract, remove her as Principal of Burr Oak Academy, or "reassign" her to a position of lower rank and salary until June 20, 2003 (see Affidavit, ¶ 11). On that date, the Board, by its counsel, informed counsel for Bogacz that it "had no intention of employing Ms. Bogacz as a Principal with School District No. 132 for the year 2003-2004." Rather, the Board gave Bogacz until June 30, 2003 to accept a "reassignment" to the position of Assistant Principal of Calumet School. (see Affidavit, exhibit D).

The Board's anticipatory breach of the Contract, in the manner described above, results in a deprivation, without due process of law, of Bogacz's protectible property right in her position as Principal of Burr Oak Academy. To remedy this constitutional injury, and to prevent the further irreparable harm that will arise if the Board proceeds with its intention to offer to a third party the position to which Bogacz has a legal right, Bogacz seeks the entry of a temporary restraining order to maintain the *status quo*, to restrain the Board from removing her from her position of Principal of Burr Oak Academy, and to restrain the Board from offering to any other person the position of Principal of Burr Oak Academy until such time as this Court determines the respective rights and obligations of the parties under the Contract.

### III. ARGUMENT

#### A. Standard For Issuance Of A Temporary Restraining Order.

The standards for issuing a temporary restraining order are identical to the standards for preliminary injunctions. *Long v. Board of Education, District 128*, No. 01

-3-

C 3154, 2001 WL 1219456 (N.D. Ill. 2001). Thus, Bogacz must show (1) her case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) she will suffer irreparable harm if the injunction is not granted. *Long, supra, citing Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891 (7th Cir. 2001). If the Court is satisfied that these three conditions have been met, then it must consider any irreparable harm that the Board might suffer if preliminary relief is granted, balancing such harm against the irreparable harm Bogacz will suffer if relief is denied. *Id.* Finally, the Court must consider the public interest (non-parties) in denying or granting the injunction. *Ty*, 237 F.3d at 895. The Court then must weigh all these factors when it decides whether to grant the injunction. *Id.*

In deciding whether to grant Bogacz a temporary restraining order, the Court uses a sliding scale approach: the more likely it is that Bogacz will succeed on the merits, the less the balance of irreparable harms need favor her position. *Ty*, at 895. The sliding scale approach is not mathematical in nature, rather, it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief. *Id. at* 896. In conducting the sliding scale analysis, the Court must first consider Bogacz's likelihood of success on the merits, and then balance the harms. *Id.* at 897.

As more fully set forth below, Bogacz is likely to succeed on the merits of her claim. In addition, a balancing of the harms shows that the Board will not be harmed, and the public interest will be served, if Bogacz remains Principal of Burr Oak Academy, and if the Board is prevented from entering into a contract with a third party whose legal validity will be questionable at best.

B. **Likelihood of Success On The Merits**

Bogacz need only demonstrate at this stage that she has a "better than negligible" chance of succeeding on the merits so that injunctive relief would be justified. *Ty*, at 897. In *Ty*, the Seventh Circuit upheld Magistrate Judge Levin's grant of a preliminary injunction based upon the court's finding that plaintiff there had "a pretty decent chance of winning[;] ... perhaps up to a fifty-fifty chance of prevailing on [the] permanent injunction. [It] was not a case where there [was] just a slight chance of winning." *Id*.

In this case, Bogacz's chance of prevailing on the merits is substantially "better than negligible." Indeed, it is better than "fifty-fifty." The Board's anticipatory breach of the Contract, committed without notice to Bogacz or an opportunity for her to be heard, was an arbitrary and capricious decision that violated Bogacz's substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983 in that she has been deprived of a protectible property right without due process of law. *Seick v. Oak Park-River Forest High School District No. 200*, 807 F.Supp. 73, 76 (N.D. Ill. 1992) (*citing Colon v. Schneider*, 899 F.2d 660, 666 (7th Cir. 1990) (The Fourteenth Amendment forbids a state actor from depriving any person of life, liberty, or property without due process of law.).

Bogacz unquestionably meets the criteria for establishing a *prima facie* case of a procedural due process violation, for to do so, she need only show two things: (1) that the Contract affords her a protectible property interest in her position as Principal of Burr Oak Academy with which the Board has interfered; and (2) that in depriving Bogacz of that property interest, the Board failed to institute constitutionally sufficient

-5-

protections. *Id.* As discussed below, Bogacz has a strong likelihood of succeeding on the merits of her claim.

First, the Contract clearly affords Bogacz a protectible property interest in her position as Principal of Burr Oak Academy. As the following cases demonstrate, it is well established that a public employee whose term of employment is set by contract has a protectible property interest in performing that contract in accordance with its terms:

- ***Head v. Chicago School Reform Board of Trustees,*** 225 F.3d 794 (7th Cir. 2000) (elementary school principal who was removed from his contractual position as Principal and reassigned to administrative duties at the district's Central Office (even for the same pay and benefits as he had received as Principal) had constitutionally protectible property interest in completing his contract in accordance with the terms of his contract, **"one of which specifically made him principal"** of the elementary school in question. *p. 803, (emphasis added))*;

- ***Bordelon v. Chicago School Reform Board of Trustees,*** 233 F.3d 524 (7th Cir. 2000) (public school principal with four year contract who was "temporarily reassigned" to administrative duties at Central Office had a protectible property interest in completing his contract in accordance with its terms even though he received the same pay and benefits under the "reassignment" as he received as Principal);

- ***Vail v. Board of Education of Paris Union School District No. 95,*** 706 F.2d 1435, 1437 (7th Cir. 1983), *aff'd,* 466 U.S. 377, 104 S.Ct. 2144 (1984) (athletic director, who had two-year employment promise, was deprived of legitimate expectation of continued employment, and therefore a protectible property interest, when school

board voted not to renew his contract for a second year; Court held that even an implied contract for a specific term is sufficient to constitute a protected property interest, and that not even the provisions of the Illinois Teacher Tenure Act could preempt the property interest created by the implied contract);

- **Hostrop v. Board of Junior College District No. 515**, 471 F.2d 488, 494 (7th Cir. 1972), *cert. denied*, 411 U.S. 967, 93 S.Ct. 2150 (1973) (where school board had entered into contract with plaintiff to act as President of junior college, plaintiff established legitimate claim of entitlement to that position and was therefore deprived of a protectible property right when school board terminated the contract two years before its expiration);

- **Newton v. Chicago School Reform Board of Trustees**, 2000 WL 1367612 (N.D. Ill. 2000) (high school principal with four-year contract who was removed from his position and assigned to administrative duties elsewhere (at same rate of pay and no loss of benefits) had a constitutionally protectible property interest in his job as Principal because his contract was for a defined term and only permitted removal for cause).

As these cases demonstrate, Bogacz's right to remain in her position as Principal of Burr Oak Academy is a constitutionally protected property interest. The Contract provides that Bogacz shall perform the duties of the Office of Principal for the period August 4, 2003 through June 30, 2005. The Contract further provides that it may be terminated only by: (a) the mutual agreement of the parties; (b) Bogacz's retirement; (c) Bogacz's resignation; or (d) revocation of Bogacz's certificate. Other than these conditions for terminating the Contract, Bogacz is not subject to discharge except for

cause. These written terms of the Contract, taken together with the understanding of the parties that Bogacz would remain Principal of Burr Oak Academy, establish a protectible property interest in Bogacz's position as Principal of Burr Oak Academy.

Moreover, here, the purported deprivation is even more pronounced, for, unlike in *Head*, *Bordelon* and *Newton*, the Board's attempt to "reassign" Bogacz requires that she "accept" a *demotion* for the 2003-2004 school year, and that she *forfeit entirely* her right to employment of any kind for the 2004-2005 school year. The damage to Bogacz's professional standing as a result of the Board's actions is even greater than that shown in the cases cited above, where the reassignments were lateral.

There can be no question that Bogacz shows a strong likelihood of prevailing on the first prong of her claim for a due process violation – namely, that the Board deprived her of a protectible property right. Although the Board may try to claim that since Bogacz has been "reassigned" and not "terminated", no deprivation has occurred, such an argument would be totally without merit. First, the Board's purported actions *have* deprived her of employment for the 2004-2005 school year; thus, if not enjoined, the Board effectively will have terminated Bogacz (without cause, and without due process) for the 2004-2005 school year. These facts are even more compelling than those in *Vail*, where the Seventh Circuit held a property deprivation had occurred where plaintiff had merely relied on the board's promise to renew his contract for a second term. Here, Bogacz *already has* a contract for that second term.

Second, the purported "reassignment" to a position of lower rank and lower salary for the 2003-2004 school year deprives Bogacz of the right to perform the duties and responsibilities incident to the Office of Principal of Burr Oak Academy, a right for

which she contracted. *See, Head, supra,* at 805 ("As the contract between Head and the Board specifically makes Head principal of Pope Elementary, there can be no doubt that the Board terminated the contract by removing Head from that position.") By removing Bogacz from her position as Principal and "reassigning" her to a job with responsibilities not commensurate with those performed in her capacity as Principal, the Board has, in effect, *terminated* Bogacz's employment as Principal of Burr Oak Academy, and, indeed, as a Principal in and for the District. *See, Bordelon v. Chicago School Reform Board of Trustees,* 8 F.Supp.2d 779 (N.D.Ill. 1998) (entering a preliminary injunction under Section 1983 and reinstating principal to his former position after finding that principal's "reassignment" amounted to a termination of his employment as principal, resulting in deprivation of a property right without due process of law).

Put another way, to "reassign" Bogacz from her position of Principal of Burr Oak Academy is to *remove* her from that position. And to remove her from that position is to *dismiss* her. *See, Bordelon, supra; see also, Caviness v. Board of Education of Ludlow Community Consol. School Dist. No. 142 of Champaign County,* 375 N.E.2d 157 (4th Dist. 1978) (holding that the words 'removed' or 'dismissed' as used in the School Code are not limited to instances of complete termination, but rather encompass any reduction in the extent of employment); *see also Hansen v. Board of Education of School Dist. No. 65,* 502 N.E.2d 467 (2d Dist. 1986) (where teacher was "reassigned" to non-teaching duties, court held that the total deprivation of teaching responsibilities was the equivalent of a dismissal under the School Code, entitling plaintiff to notice of

charges and a hearing before a disinterested hearing officer). [2]

Having shown a strong likelihood of success on the first prong of her due process claim, Bogacz needs only to establish that the Board's deprivation of her property interest was committed without due process of law. Bogacz has a substantially "better than negligible" chance of success on this second prong, too, for it is well established that the existence of a contractually-established property interest obligates the Board to grant Bogacz a hearing where she can be fully informed of the reasons for her removal and challenge their sufficiency. [3] *Hostrop v. Board of Junior College District No. 515*, 471 F.2d 488 (7th Cir. 1972) (holding that, having established a protectible property right in his employment position, prior to his termination, plaintiff was entitled to notice of the charges against him, notice of the evidence upon which the charges will be based, a hearing before a tribunal possessing apparent impartiality, and a chance to present witnesses and confront adverse evidence at the hearing). *See also, Head v. Chicago School Reform Board of Trustees*, 225 F.3d 794 (7th Cir. 2000) ("A

---

[2] Bogacz has a strong likelihood of succeeding on her substantive due process claim as well. Given Bogacz's accomplishments during her principalship, the Board's baseless decision to remove her was arbitrary and irrational. *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474 (7th Cir. 1990) (To establish a claim for a substantive due process violation, plaintiff must show he or she had a constitutionally protected property right, that the decision to deprive him or her of that right was arbitrary or irrational, and that he or she suffered a separate constitutional violation).

[3] The Court in *Hostrop* stated that the fact that plaintiff relied upon his employment contract to establish a constitutionally protected property right did not mean that his only remedy was a contract action in state court. The same is true for Bogacz. As the *Hostrop* Court observed, a civil rights action based upon the deprivation of due process and a contract action to recover damages for a breach are two independent remedies. The civil rights action seeks vindication for the arbitrary manner in which the contract was breached. A contract action seeks damages only for the losses caused by the breach. Even in circumstances where the state may have grounds to break an employment contract, it may not do so by violating an employee's due process rights to notice and a hearing. *Id.*, at 494, footnote 15.

public employer who removes an employee from a job in which the employee has a constitutionally protected interest must provide certain limited pre-termination procedures, including, at a minimum, (1) oral or written notice of the charges; (2) an explanation of the employer's evidence; (3) an opportunity for the employee to tell his or her side of the story.") "Limited pre-termination procedures are permissible only if full post-termination procedures are available" *Head, at 804*.

In this case, Bogacz has been stripped of her position as Principal without any advance notice of the Board's intent to "reassign" her. Indeed, Bogacz was not formally apprised of the Board's intentions until June 20, 2003, when her counsel demanded assurances on her behalf of the Board's intent to honor the Contract. She was not given any reasons upon which the Board's actions were purportedly based, nor has she been given an opportunity to be heard. Under these circumstances, the Board cannot credibly claim that Bogacz has been afforded even the most minimal constitutional protections prior to depriving her of her position. Accordingly, Bogacz has shown a strong likelihood of success on the merits of her due process claim.

### Inadequate Remedy At Law and Bogacz's Irreparable Harm

Although sometimes treated as conceptually distinct elements, the Court may treat the "no adequate remedy at law" element and the "irreparable harm" element as part of the same analysis. *Bordelon v. Chicago School Reform Board of Trustees*, 8 F.Supp.2d 779, 789 (N.D. Ill. 1998), citing *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1988). Thus, a conclusion that the injury is irreparable in turn establishes that there is no adequate remedy at law. *Bordelon, supra, citing Fleet Wholesale Supply v. Remington Arms Co.*, 846 F.2d 1095, 1098 (7th Cir. 1988).

Unless the Court enjoins the Board from removing Bogacz from her position, Bogacz will suffer an irreparable injury for which no adequate remedy at law exists. Although the Board may attempt to argue that Bogacz has a legal remedy (her breach of contract action), the *Bordelon* Court rejected that argument, noting, as a preliminary matter, that irreparable harm is presumed to flow from a constitutional violation which is not fully compensable by monetary damages. *Bordelon*, at 789.

Above and beyond that presumed harm, however, is the specific irreparable injury to Bogacz resulting from the Board's actions. Unless the Court grants Bogacz the relief she requests, Bogacz will be deprived of the benefits that are derived from such intangibles as job satisfaction, professional growth and development, service to the community, professional advancement, and the opportunity to perform her chosen profession. *See, Bordelon, supra* (holding these intangibles, in addition to the harm resulting from a reference on the principal's resume to having been removed from his position, were sufficient to establish the irreparable harm necessary for the granting of injunctive relief); *see also Banks v. Chicago Public Schools*, 1996 WL 197545 (N.D.Ill. 1996) (granting principal's motion for injunctive relief and reinstating principal who was "reassigned" to administrative duties in Central Office, stating that principal had "dedicated much time and energy to serve the community in the position of principal"; that she "suffer[ed] when unable to perform as principal, the job that she ultimately desire[d]"; that "money would not adequately compensate [her] for this injury"; and that, "because the position of principal differ[ed] substantially from an administrative position with the Board", the principal had no adequate remedy at law).

Like the principals in *Bordelon* and *Banks,* Bogacz has dedicated significant time and energy not only to serving the community in her capacity as Principal generally, but specifically with respect to obtaining the federal funding for the Reading First Grant. Bogacz has spent considerable time and energy to obtain that Grant. She has spent time and energy working with the teachers at Burr Oak Academy to map out a plan for drastically improving the reading and language arts program over the next two years. She has spent time and energy working with the providers of educational materials to ensure that everything is in place to implement the school's educational goals. To deprive Bogacz of her (well-earned) opportunity to see those goals carried through will, without question, harm her in a way that could never be undone by an award of money damages. Because Bogacz stands to suffer the irreparable harm described above for which she has no adequate remedy at law, this Court should grant her Motion for Temporary Restraining Order.

### D. Balance of Harms and The Public Interest

Under the sliding scale analysis, the fact that Bogacz has a strong and realistic likelihood of succeeding on the merits means that her burden is lessened with respect to the balance of harms. *Ty, Inc.,* 237 F.3d at 895. Nevertheless, a balancing of the harms shows that any harm to the Board caused by maintaining Bogacz in her position as Principal and by preventing the Board from offering that position to another person until a hearing can be conducted on the merits of her Complaint is strongly outweighed by the harm to Bogacz in denying the temporary restraining order, and the harm to the community if the Board is permitted to offer to a third person a contract for the position to which Bogacz has a legally enforceable right.

As demonstrated in the Affidavit, Bogacz has put forth a substantial commitment to implementing the goals of the Reading First Grant. She is prepared to continue working, during the month of July, 2003, to ensure that the educational materials are in place and that the teachers are prepared to begin using them when school resumes at the end of the summer. The Board cannot credibly contend that any new person, no matter how qualified, can be as prepared and as focused as Bogacz to step in (literally "tomorrow") and implement the goals already put into place by Bogacz. From this standpoint alone, the public interest favors the entry of a temporary restraining order in favor of Bogacz.

Moreover, the position of Principal of Burr Oak Academy is one to which Bogacz has a legally enforceable right. The public interest cannot be served by allowing the Board to enter into a contract with a third person for Bogacz's position when that contract's enforceability will be questionable at the outset. The community is not served by allowing the Board to make uncompromising decisions based upon whim and caprice that implicate not only the constitutional rights of one of its Principals, but the rights of any potential third party who may enter into a contract only to find it is unenforceable. Should litigation arise from that action as well, the detriment to the community will be that much greater. On the other hand, no harm will result to the Board if it is restrained from offering to another person the position to which Bogacz has a legal right and ordered to maintain the *status quo* until a hearing can be held on the merits of the Complaint. For all of these reasons, it is clear that any putative harm to the Board that would result from the issuance of an injunction (if there is any at all) is

greatly outweighed by the harm to Bogacz and to the community if such relief is not granted.

## IV. CONCLUSION

Based upon the allegations of the Complaint and Bogacz's affidavit, it is clear that Bogacz has a strong likelihood of succeeding on the merits of her due process claim, that removing her from her position as Principal of Burr Oak Academy will cause her irreparable harm for which there is no adequate remedy at law, and that the balance of harms favors the issuance of injunctive relief to Bogacz. . For all of the foregoing reasons, Bogacz meets her burden in establishing that she is entitled to the relief requested.

WHEREFORE, Plaintiff, Lori Bogacz, respectfully requests that this Court grant her Motion For Temporary Restraining Order, enjoin the Board from removing her from her position as Principal of Burr Oak Academy and enjoin the Board from offering that position to any other person until such time as the Court can adjudicate the merits of her Complaint.

Respectfully submitted,

**LORI BOGACZ**

By: _____
One of her attorneys

Michael F. Braun #6180471
Dolores Ayala #6236649
SCHUYLER, ROCHE & ZWIRNER, P.C.
One Prudential Plaza
130 East Randolph Street, Suite 3800
Chicago, IL 60601
(312) 565-2400

371185

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LORI BOGACZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03C 4548 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| BOARD OF EDUCATION, CALUMET | ) | Magistrate Judge Denlow |
| PUBLIC SCHOOL DISTRICT 132, | ) | |
| | ) | |
| Defendant. | ) | |

## **TEMPORARY RESTRAINING ORDER**

This cause coming to be heard upon the motion of Plaintiff, Lori Bogacz ("Bogacz"), for entry of a Temporary Restraining Order temporarily restraining and enjoining Defendant, Board of Education, Calumet Public School District 132 ("the Board") from removing Bogacz from her position of Principal of Burr Oak Academy, a primary school in Calumet Public School District 132, and from offering to any other person the position of Principal of Burr Oak Academy, due notice having been given to the Board, the Court having heard the arguments of both Bogacz and the Board, the Court finds as follows:

1. Bogacz has a likelihood of success on the merits of her Complaint for Injunctive and Other Relief;

2. Issuance of a Temporary Restraining Order enjoining the Board from removing Bogacz from her position of Principal of Burr Oak Academy and from offering that position to any other person will not cause the Board undue harm; and

-2-

3. Any possible harm to the Board resulting from the issuance of a Temporary Restraining Order is outweighed by the irreparable harm Bogacz will suffer if removed from her position as Principal of Burr Oak Academy and by the harm that would be caused to any third party who purported to enter into a valid contract for a position of employment to which Bogacz claims a legal right.

**IT IS THEREFORE ORDERED:**

A. Defendant, Board of Education, Calumet Public School District 132 is hereby temporarily restrained, for a period of twenty (20) days from the entry of this Order, from removing Plaintiff Lori Bogacz from her position of Principal of Burr Oak Academy;

B. Defendant, Board of Education, Calumet Public School District 132 is hereby temporarily restrained, for a period of twenty (20) days from the entry of this Order, from offering to any other person the position of Principal of Burr Oak Academy;

C. Plaintiff shall not be required to provide a bond in connection with the entry of this Order.

D. This matter is set for hearing on Plaintiff's Petition for Preliminary Injunction on _____ at _____, without further notice.

Michael F. Braun #6180471
Dolores Ayala #6236649
SCHUYLER, ROCHE & ZWIRNER, P.C.
One Prudential Plaza
130 East Randolph Street, Suite 3800
Chicago, IL 60601
(312) 565-2400

371282