IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LORI BOGACZ,                          )
                                      )
                Plaintiff,            )      Case No. 03C 4548
                                      )
        v.                            )      Judge John W. Darrah
                                      )
BOARD OF EDUCATION, CALUMET           )      Magistrate Judge Denlow
PUBLIC SCHOOL DISTRICT 132,           )
                                      )
                Defendant.            )

**PLAINTIFF'S SURREPLY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

DOCKETED

AUG 1 5 2003

        Plaintiff, Lori Bogacz ("Bogacz"), by her attorneys, Michael F. Braun and Dolores Ayala

of Schuyler Roche & Zwirner, P.C., submits herewith her Surreply In Opposition to Defendant's

Motion to Dismiss.

        In its Reply to Response to Motion to Dismiss, Defendant, Board of Education, Calumet

Public School District 132 ("the Board"), asserts, for the first time, that even if Action Item 03-

03-01 passed and the Principal's Contract at issue in this case was thereby approved by the

then existing Board, the Contract is *still* invalid for yet another reason – it was the result of an

alleged *ultra vires* act by the previous Board. According to the Board, this is because two of the

four Board members who approved the Contract did so for a period that exceeded their terms

as members of the Board. In support of its new argument, the Board cites *Trombetta v. Board*

*of Education, Proviso Township High School District No. 209,* 2003 WL 1193337 (N.D. Ill. 2003)

for the proposition that Illinois law does not permit a governmental board whose members serve

limited terms to enter into a contract for a term beyond that for which the board sits.

        As with other cases cited by the Board, its reliance on *Trombetta* is misplaced. In fact,

*Trombetta* actually states that it does not apply to situations, such as that here, involving school

pricipals. *Trombetta* addressed the validity of the plaintiff's four-year contract to act as the

school's *Building Manager,* as the contract extended beyond the terms of the then-current members of the school board. The *Trombetta* Court specifically recognized that the Illinois School Code authorizes school boards to enter into contracts with superintendents and principals for up to five years (105 ILCS 5/10-23.8 & 10-23.8a), but that this provision did not apply to a contract for Building Manager.   *Trombetta,* at 2.   Thus, while the contract in *Trombetta* was held invalid, that ruling has no bearing on the validity of the Principal's Contract at issue here.  The previous Board was clearly authorized, pursuant to 105 ILCS 5/10-23.8a, to extend the Contract to Bogacz.  The Contract was not the result of an *ultra vires* act by the previous Board.

The Board's citation to *Cannizzo v. Berwyn Township 708 Community Mental Health Board,* 318 Ill.App.3d 478, 741 N.E.2d 1067 (1st Dist. 2000) and *Grassini v. DuPage Township,* 279 Ill.App.3d 614, 665 N.E.2d 860 (3d Dist. 1996) is equally unavailing.  While each case held that the contracts at issue were invalid because the boards approving them had done so for terms beyond those for which the boards had left to serve, neither Court addressed the validity of a Principal's Contract, and neither Court discussed the fact that 105 ILCS 5/10-23.8a authorizes school boards to enter into Principal's Contracts for five year periods.

In conclusion, it is clear that the Board's *ultra vires* argument is nothing more than a belated, last-ditch effort to cast doubt on the validity of the Contract.  The School Code clearly authorizes a sitting school board to extend contracts to principals for periods of up to five years. The previous Board did not act *ultra vires* in extending the Contract to Bogacz.  The Contract is valid and legally binding upon the parties.

WHEREFORE, Plaintiff, Lori Bogacz, respectfully requests that this Court deny the Motion to Dismiss brought by Defendant, Board of Education, Calumet School District 132, and set an immediate hearing on her Motion For Temporary Restraining Order and/or Preliminary Injunctive Relief.

Respectfully submitted,

**LORI BOGACZ**

By: _____
One of her attorneys

Michael F. Braun #6180471
Dolores Ayala #6236649
SCHUYLER, ROCHE & ZWIRNER, P.C.
One Prudential Plaza
130 East Randolph Street, Suite 3800
Chicago, IL 60601
(312) 565-2400
375028