Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4548 | DATE | 8/28/2003 |
| CASE TITLE | LORI BOGACZ vs. BOARD OF EDUCATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Hearing is set for 9/9/03 at 1:00 p.m. on whether permanent injunction should issue. Enter Memorandum Opinion And Order. The Board's motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 29 2003 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 AUG 28 PM 6:29 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
AUG 2 9 2003

| | |
|---|---|
| LORI BOGACZ, | ) |
| Plaintiff, | ) No. 03 C 4548 |
| v. | ) Judge John W. Darrah |
| BOARD OF EDUCATION, CALUMET PUBLIC SCHOOL DISTRICT 132, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lori Bogacz ("Bogacz"), filed suit seeking injunctive and monetary relief against Defendant, Board of Education, Calumet Public School District 132 ("the Board"), alleging a violation of her due process rights and breach of contract. Presently before the Court is Defendant's Motion to Dismiss Complaint and Request for Temporary Restraining Order.

A reading of Bogacz's complaint supports the following summary of the alleged conduct of the parties.

On August 8, 2002, the parties executed a Principal's Contract wherein Bogacz would act as a principal in and for the Calumet Public School District ("the District") for the period of August 4, 2002 to June 30, 2003. Pursuant to the contract, Bogacz became the principal of Burr Oak Academy. Bogacz fully performed her contractual duties as principal of Burr Oak Academy.

On March 28, 2003, the parties executed another Principal's Contract. At the March 20, 2003 meeting, four of the seven board members were present. As to Bogacz's contract, two board members voted "yea" to approve it; and two board members abstained from voting. The contract states that Bogacz will act as a Principal in and for the District for the period of August 4,



2003 to June 30, 2005. At the time the contract was executed, it was expressly understood and agreed to that Bogacz would continue to act as principal of Burr Oak Academy.

Following a school board election of April 1, 2003, the composition of the Board changed. At its May 15, 2003 meeting, the Board voted to "reassign" Bogacz from her position of principal of Burr Oak Academy to the position of Assistant Principal of the Calumet School for a one-year term. Bogacz was not given notice of the Board's intent to reassign her position.

On June 13, 2003, Bogacz, by her counsel, demanded assurance from the Board of its intent to honor its contractual obligations to her as set forth in the contract. On June 20, 2003, the Board informed Bogacz that it had no intention of employing Bogacz as a principal for the 2003-2004 school year.

Pursuant to the Federal Rules of Civil Procedure 12(b)(1), a case must be dismissed if the court does not have the statutory authority to hear and decide the dispute. Dismissal is required if there is no federal question involved, if the parties are not completely diverse, or if the amount in controversy is not more than $75,000. When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court may look beyond the jurisdictional allegations of the complaint and view any submitted evidence on the issue to decide whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).[1] The party asserting subject matter jurisdiction has the burden of proof on a Rule 12(b)(1) issue. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

---

[1]This includes the minutes of the March 20, 2003 Board meeting submitted by the Defendant with its motion. These are the minutes that are also referred to in a letter dated June 13, 2003, attached as an exhibit to Plaintiff's Complaint.

2

Bogacz alleges subject matter jurisdiction based on her procedural due process claim pursuant to her contract with the Board.

In order to state a claim for a procedural due process violation that is based upon a deprivation of a property interest, the plaintiff must allege that (1) she has a protected [property] interest, (2) that she was deprived of that protected property interest without due process of law, and (3) that the deprivation of that interest was caused by state officials acting under the color of law. *Alexander v. Bd. of Educ. of Indian Prairie Sch. Dist. No. 204*, 1998 WL 699020 *3 (N.D. Ill.) (*Alexander*).

A public employee whose term of employment is established by a contract has a protectable property interest in the performance of that contract according to its terms. *Head v. Chicago Sch. Reform Bd. of Trustees*, 225 F.3d 794 (7th Cir. 2000) (*Head*). A plaintiff asserting a procedural due process claim must have a legitimate claim of entitlement to continued employment in order to establish a property interest in continued employment. *Kiser v. Naperville Community Unit*, 227 F. Supp. 2d 954, 968 (N.D. Ill. 2002). If an employment contract is deemed to be void under Illinois law, then the contract has not created any property interest to which the protections of the 14th Amendment would otherwise attach. *Grassinni*, 279 Ill.App.3d at 621. Failing to adhere to such a void employment contract does not deprive the employee of a property interest in the contract in violation of her due process rights. *Grassinni*, 279 Ill.App.3d at 621. Accordingly, in order to show that Bogacz's position as a principal of a school, created by an employment contract, is a protected property interest, the employment contract must be valid and legally binding upon the parties. *See Alexander*, 1998 WL 699020 at *3.

The Board alleges that the procedural due process claim fails because Bogacz did not have a valid contract since the Board did not "legally" approve it at the March 20, 2003 meeting. At the March 20, 2003 meeting, four of the seven board members were present. As to Bogacz's contract, two board members voted "yea" to approve it; and two board members abstained from voting. A majority of present board members' votes is needed to approve a contract.

Defendant contends that Bogacz's contract was never approved by the Board because the affirmative vote of the majority was required, and the two "yea" votes does not constitute a majority vote.

The law presumes that public officials have performed their duties properly and that one who contends to the contrary has a difficult burden of proof. *See Compton v. School Directors of Dist. No. 14*, 8 Ill. App. 2d 243 (1955). Section 10-12 of the Illinois School Code, applicable to the present case, provides:

> A majority of the full membership of the board of education shall constitute a quorum. Unless otherwise provided, when a vote is taken upon any measure before the board, a quorum being present, a majority of the votes of the members voting on the measure shall determine the outcome thereof.

105 ILCS 5/10-12. The Illinois School Code further provides for principals' contracts that "the affirmative vote of a majority of the votes of full membership then serving the local school council shall determine the outcome thereof." 105 ILCS 5/34-2.2.

Here, two of the four board members that were present voted "yea" as to Bogacz's contract. The other two Board members abstained. The abstentions are not considered a vote but, rather, a failure to vote. *See County of Kankakee v. Anthony*, 304 Ill. App. 3d 1040, 1046-47 (1999); *see also Lake County Forest Preserve v. Northern Trust Bank/Lake Forest*, 207 Ill. App.3d 290, 294-295

4

(1990); *Prosser v. Village of Fox Lake*, 91 Ill.2d 389, 393 (1982). Accordingly, the majority of the members voting voted "yea"; and Bogacz's contract was passed by the "majority of the members voting".

The Board also argues that the contract is invalid because the previous Board is not allowed to award contracts that extend beyond the terms of the then-current board members.

In general, when any governmental board "appoints an officer or contracts for services, and the duties of the officer or the services to be rendered are duties to be delegated to the supervisor of the board, such appointment of contract for a period beyond the term of the board in not valid." *Cannizzo v. Berwyn Township 708 Community Mental Health Bd.*, 318 Ill.App.3d 478, 484 (2000) (*Cannizzo*) citing *Millikin v. Edgar County*, 142 Ill. 528 (1892), and *Grassinni v. Dupage Township*, 279 Ill.App.3d 614 (1996) (*Grassinni*). The general rule against "beyond-term" employment contracts applies to contracts made by school boards, and such contracts are deemed void if they extend past the term of the present school board. *Trombetta v. Bd. of Edu., Proviso Township High School Dist. No. 209*, 2003 WL 1193337 *3 (N.D. Ill.) (*Trombetta*). A school board is said to have acted *ultra vires* when it awards such a contract that extends beyond the terms of the then-current board members. *Trombetta*, 2003 WL 1193337 at *3.

However, an exception to this general rule exists and applies to school principals and superintendents, who the school board may enter into performance contracts with for up to five years. *Trombetta*, 2003 WL 1193337 at *2; 105 ILCS 5/10-23.8 & 10-23.8a. Specifically, "school districts and other school administrators may only employ principals and other school administrators under either a contract for a period not to exceed one year or a performance-based contract for a period not to exceed 5 years." 105 ILCS 5/10-23.8a.

5

At the March 20, 2003 meeting, the present board members approved a two-year performance-based contract for Bogacz, included as Exhibit A in Bogacz's complaint, which was executed on March 28, 2003. Therefore, since the approved principal contract was performance-based and for less than five years, the previous Board had the authority to enter into such a contract with Bogacz. Furthermore, unlike the type of contracts at issue in *Cannizzo* and *Grassinni*, the contract entered into by Bogacz and the Board involves a school principal contract that falls within the scope of and complies with Sections 10-23.8 and 10-23.8a of the Illinois School Code. 105 ILCS 5/10-23.8 & 10-23.8a. Accordingly, Bogacz's contract is not void.

The Board also argues that Bogacz fails to state a procedural due process claim because Bogacz did not have a property interest in continued employment because she did not have a legitimate claim of entitlement to continued employment, particularly at a specific school, Burr Oak Academy. The basis of the Board's argument is that, because Bogacz did not have a valid contract, she did not have a property interest in continued employment.

As discussed above, Bogacz's Complaint sufficiently pleads a valid contract for employment as principal of Burr Oak Academy. A public employee whose term of employment is set by contract has a protectable property interest in performance of the contract according to the terms of that contract. *See Head*, 225 F.3d at 528; *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524 (7th Cir. 2000). Furthermore, Bogacz has sufficiently pled that she was deprived of this protected property interest without due process of law and that the deprivation of this interest was caused by state officials acting under the color of law. *See Alexander*, 1998 WL 699020 *3 (N.D. Ill.) (*Alexander*). Accordingly, the Board's Motion to Dismiss is denied.

6

Lastly, the Board argues that Bogacz's Motion for Injunctive Relief should be denied. This argument is premature and is denied.

For the foregoing reasons, the Board's Motion to Dismiss is denied.

Dated: August 28, 2003

JOHN W. DARRAH
United States District Judge